UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

BOBBY LITTLE                                    CIVIL ACTION NO. 26-cv-630

VERSUS                                          JUDGE VAN HOOK

LIFESHARE BLOOD CENTERS                         MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

### Introduction

Bobby Little ("Plaintiff"), who is self-represented, filed this employment discrimination action against his former employer, LifeShare Blood Centers. Plaintiff invoked a number of federal and state laws in support of potential claims. Before the court is LifeShare's Motion for Partial Dismissal (Doc. 7) that asks the court to dismiss Plaintiff's claim under the Age Discrimination in Employment Act ("ADEA") and his state law claim for intentional infliction of emotional distress. For the reasons that follow, it is recommended that the motion be granted.

### ADEA (and ADA) Claim

Plaintiff commenced this action in state court. His original petition alleged that he is a heart patient who also suffers from other health problems such as the need for knee replacement. He complained that LifeShare terminated his employment on February 20, 2024 based on the false pretense of poor job performance. His petition invoked claims under the FMLA, ERISA, and the ADA.

Plaintiff also filed an amended petition in state court. Count XI referred to his ADA claim and said: "Time-barred, cut from amendment." For Count XII, Plaintiff wrote: "ADEA Age (29 U.S.C. §623): 2-3 years, NO EEOC exhaustion."

To bring a suit under the ADA (disability) or the ADEA (age), a complainant must first file a charge of discrimination with the EEOC and exhaust his administrative remedies. Prevost v. City of Houston, 2026 WL 908538, *2 (5th Cir. 2026), citing Melgar v. T.B. Butler Publ'g Co., Inc., 931 F.3d 375, 378 (5th Cir. 2019). That process ordinarily ends with the EEOC issuing a notice of right to sue. Under the ADEA or ADA, a plaintiff has ninety days to bring suit in federal court after receipt of the notice. Jan. v. Texas Dep't of Crim. Just., 760 Fed. Appx. 296, 299 (5th Cir. 2019).

LifeShare states that Plaintiff filed an EEOC charge but has not alleged whether it was dismissed or if Plaintiff received a notice of right to sue. Because Plaintiff conceded in his amended complaint that his ADA claim was time-barred, LifeShare urges that the ADEA claim must likewise be barred. LifeShare also argues that the complaint fails to state facts on which a plausible ADEA claim could be asserted.

Plaintiff responded to the motion and stated that he "does not oppose dismissal of his claims under the Americans with Disabilities Act (ADA) and the Age Discrimination in Employment Act (ADEA) as time-barred." He asked that the court dismiss the claims without prejudice rather than with prejudice. The precise status of Plaintiff's EEOC proceedings, if any, is not known, so it is possible that Plaintiff might yet be able to properly exhaust and timely file a claim under one or both of those statutes. Accordingly, the court should grant Plaintiff's request that these claims be dismissed without prejudice.

**Intentional Infliction of Emotional Distress**

LifeShare next asks that the court dismiss Plaintiff's state law claim of intentional infliction of emotional distress for failure to state a claim on which relief may be granted. "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007). Plaintiff added this tort claim in his amended petition. His only allegations with respect to the claim are as follows:

> X. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (La. Civ. Code. Art. 2315)
> Supervisor's deliberate stonewalling of exemplary employee (no discipline), despite knowledge of knee replacement/heart transplant candidacy, causing:
> - (anxiety/panic attacks)
> - Xanax prescription
> Damages: $200,000

Plaintiff argues in his *memorandum* that the claim is based on LifeShare's Executive Director of Property Michael Naquin's "demeaning and hostile tone of voice" during a January 26, 2024 meeting. Plaintiff adds that Naquin continued the "confrontation" despite knowing of Plaintiff's serious heart condition and the "bone on bone" condition in his left knee. He adds that LifeShare has also interfered with his necessary medical evaluation and treatment in a manner intended to cause severe emotional distress.

The allegations made in Plaintiff's memorandum are not relevant. On a Rule 12(b)(6) motion, a district court generally must limit itself to the contents of the complaint and its exhibits. Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp., 748 F.3d 631, 635 (5th Cir. 2014). "Factual allegations first asserted in a response to a motion to dismiss

are not appropriately reviewed in a Rule 12(b)(6) motion." Edgar v. Anadarko Petroleum Corp., 2019 WL 1167786, *11 (S.D. Tex. 2019).

To avoid dismissal of this claim, Plaintiff's complaint, as amended, must plead enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955 (2007)). The factual allegations must "raise a right to relief above the speculative level." Twombly, 127 S.Ct. at 1965. "[P]ro se complaints are held to less stringent standards than those drafted by lawyers," but even in a pro se complaint "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002).

To recover under Louisiana law for intentional infliction of emotional distress, a plaintiff must prove (1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that such distress would be certain or substantially certain to result from his conduct. White v. Monsanto Co., 585 So.2d 1205, 1209 (La. 1991).

The conduct complained of must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." Id. Many claims arise in the workplace, but ordinary employment disputes, even those involving discrimination and sexual harassment, will rise to this level only in the most unusual of cases. Nicholas v. Allstate Ins. Co., 765 So.2d 1017, 1027 (La. 2000).

Plaintiff's allegations do not plead a plausible claim for intentional infliction of severe emotional distress. His complaint, which is all that matters for the purposes of a Rule 12(b)(6) analysis, alleges only "stonewalling" of a good employee that caused him anxiety and panic attacks. Even if the court were to consider the additional allegations in the memorandum of a meeting that involved the use of a demeaning and hostile tone of voice and a confrontational atmosphere, that does not rise to the level of a cognizable claim.

In White, the Louisiana Supreme Court held that a supervisor's one-minute outburst of profanity directed at three employees in course of dressing them down for not working as he thought they should was not such extreme and outrageous conduct as to give rise to recovery for intentional infliction of emotional distress. The "instance of improper behavior by the supervisor who lost his temper was the kind of unpleasant experience persons must expect to endure from time to time." White, 585 So.2d at 1210-11. See also Groff v. Sw. Beverage Co., 997 So. 2d 782, 787 (La. App. 3 Cir. 2008) (manager's outburst of profanity coupled with pounding on the desk in the course of a disciplinary action for employee who suffered from emotional problems did not support a claim).

Plaintiff describes an unpleasant but not uncommon workplace dispute. The facts alleged do not depict a situation so outrageous or extreme as to go beyond all possible bounds of decency. This claim should be dismissed for failure to state a claim on which relief may be granted.

Accordingly,

It is recommended that LifeShare Blood Center's Motion for Partial Dismissal (Doc. 7) be granted by (1) dismissing without prejudice Plaintiff's ADA and ADEA claims and

(2) dismissing with prejudice plaintiff's claim for intentional infliction of emotional distress.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 10th day of April, 2026.

Mark L. Hornsby
U.S. Magistrate Judge